**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

DANIEL P. KLAHN, SR.,

Plaintiff,

v.

MIRANDA NADING, COLETTE CARTER, and REX MAUGHAN,

Defendants.

Case No. 2:16-cv-02718-APG-VCF

**ORDER DENYING EX PARTE EMERGENCY MOTION**

(ECF No. 16)

Plaintiff Daniel Klahn filed an "Ex Parte Emergency Motion to Set Aside and/or Stay Eviction." ECF No. 16.  That motion is defective for several reasons.

First, the caption of the motion indicates that it should have been filed in a different court and a different lawsuit.  The caption lists as plaintiff "Cottonwood Cove Resort and Marina," which is not a party to this lawsuit.  Moreover, Mr. Klahn is listed in the caption of the motion as the defendant, but he is the plaintiff in this case.  None of the other parties to this case are listed in the motion's caption.

Second, the motion does not explain why it was filed ex parte.  "An ex parte motion or application is a motion or application that is filed with the court but is not served on the opposing or other parties." Local Rule IA 7-2(a).  Motions are to be served on all parties except as specifically permitted by the Local Rules or the Federal Rules of Civil Procedure. *Id.*  Because the motion offers no reason why it was not served on the other parties, I will order the motion served on the other parties.

Third, Local Rule 7-4 requires that any motion seeking emergency relief must set forth the nature of the emergency, the contact information for the movant and all affected parties, and a certification that the movant conferred with the other side in an attempt to resolve the dispute. *See* Local Rule 7-4(a).  The motion contains none of these details.  For instance, the motion does not explain whether the eviction has already happened.  If it has, the request for a stay would be moot

1  and the motion would be a non-emergency; if it has not yet happened, the date of the eviction would

2  dictate whether this is an emergency.  If the eviction occurred by court order, the motion does not

3  explain how this court has jurisdiction to set aside that other court's order.  Like ex parte motions,

4  "[e]mergency motions should be rare." Local Rule 7-4(b).  The plaintiff's motion is not of that rare

5  category.

6        IT IS THEREFORE ORDERED that the clerk of the court shall **serve the motion (ECF**

7  **No. 16)** on all parties.

8        IT IS FURTHER ORDERED that the plaintiff's motion **(ECF No. 16) is DENIED**

9  **WITHOUT PREJUDICE**.

10        DATED this 12th day of January, 2017.

11

12                                    _____
                                      ANDREW P. GORDON
13                                    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28